**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 11-cv-00986-CMA-CBS

DANIEL LEE LARSON,

      Plaintiff,

v.

MICHAEL AGOS, Deputy Sheriff of Arapahoe County, Colorado,
   In his official and individual capacity,
HANS GROSS, Deputy Sheriff of Arapahoe County, Colorado,
   In his official and individual capacity, and
ARAPAHOE COUNTY, a county, by and through the
ARAPAHOE COUNTY BOARD OF COUNTY COMMISSIONERS,

      Defendants.

---

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

---

     This matter comes before the Court on Defendants' Motion To Dismiss (Doc.

# 6).  This is a civil rights case brought under 42 U.S.C. § 1983.  Plaintiff Daniel Lee

Larson alleges a Fourth Amendment violation for unreasonable search and seizure

and a Fourth and Fourteenth Amendment violation for malicious prosecution under

42 U.S.C. § 1983.  Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1343.

## I.  BACKGROUND

### A.   FACTS[1]

     This matter arises from Defendants' May 8, 2009, arrest of Plaintiff for trespass

of a residence owned by a third party, Michael Suchan.

---

[1]   Unless otherwise noted, the following facts are taken from Plaintiff's Complaint.  (Doc.
# 2.)

Third party, Tina Henson (Plaintiff's aunt) and Mr. Suchan previously resided together at Mr. Suchan's residence; the two shared a volatile history prior to the incident on May 8, 2009.  At some point in time, Ms. Henson moved out of Mr. Suchan's residence, leaving many of her belongings behind.  After one unsuccessful attempt to obtain her possessions from  Mr. Suchan's residence, Ms. Henson sought Plaintiff's assistance.  In that effort, Plaintiff called Mr. Suchan and informed Mr. Suchan that all future communications involving Ms. Henson should be directed to Plaintiff. Mr. Suchan informed Plaintiff that he was going to keep Ms. Henson's belongings until he received payment of rent she owed him for staying at his residence.

Shortly after the telephone conversation, Plaintiff received a text message from Mr. Suchan's number indicating that Mr. Suchan did not want Plaintiff to contact him further.  Plaintiff did not contact Mr. Suchan again, at least by telephone.

On May 8, 2009, Ms. Henson, accompanied by Plaintiff, made a second attempt to collect her belongings from Mr. Suchan's residence.  Upon arrival, Ms. Henson knocked on the door multiple times and rang the door bell several times to make sure that Mr. Suchan was not home.  There was no answer.  Ms. Henson attempted to open the door with a key she possessed and found that the door was unlocked.  She headed inside and up the stairs; Plaintiff remained outside the residence in the doorway.  From his vantage point, Plaintiff observed Mr. Suchan exit an upstairs room and start yelling at Ms. Henson in an aggressive manner.

Plaintiff then stepped inside the residence and told Mr. Suchan that Ms. Henson was there to collect her belongings and that she had a right to be there since she was a

resident.  Mr. Suchan raised his voice, made aggressive gestures, and started to walk towards Plaintiff.  Plaintiff immediately called 911.

When Plaintiff spoke to the dispatcher, he explained the situation between Ms. Henson and Mr. Suchan.  Plaintiff informed the dispatcher that he would like deputies to respond to the residence, and that he was an armed off-duty deputy.

Once deputies arrived on the scene, Plaintiff approached the deputies and showed them his weapon and his credentials.  He also notified the deputies that Ms. Henson was moving out and that he had come with her to help her move.  Plaintiff informed the deputies that it was because Mr. Suchan had become aggressive that he contacted 911.

For approximately four hours, law enforcement conducted on-scene interviews. Defendant Deputy Hans Gross arrived on scene and contacted the Arapahoe County Sheriff's Office Command Staff and the Arapahoe County District Attorney's office. After contacting the District Attorney's office, the deputies approached Plaintiff, informed him that Ms. Henson was previously advised not to return to Mr. Suchan's residence, and stated that they were arresting him and Ms. Henson for criminal trespass.

Plaintiff then questioned the deputies' authority to tell Ms. Henson that she could not return to the residence since there had been no protection order or eviction process.  Another officer then allegedly told Plaintiff that he was being arrested because of "politics."

## B.    PROCEDURAL HISTORY

On April 13, 2011, Plaintiff filed a Complaint in this Court under 42 U.S.C. § 1983 alleging a Fourth Amendment violation for unreasonable search and seizure and a Fourth and Fourteenth Amendment violation for malicious prosecution.

On April 19, 2011, Defendants filed the instant Motion to Dismiss arguing that Plaintiff has failed to set forth a claim upon which relief can be granted, that Defendants are entitled to qualified immunity, and that Plaintiff has failed to invoke properly this Court's jurisdiction.  (Doc. # 6.)  Plaintiff responded on May 10, 2011.  (Doc. # 7.) On May 16, 2011, Defendant replied.  (Doc. # 8.)  These matters are fully briefed and ripe for review.

## II.  DISCUSSION

## A.    STANDARD OF REVIEW

In reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court "accept[s] all the well-pleaded allegations of the complaint as true" and "construe[s] them in the light most favorable to the plaintiff."  *David v. City & Cnty. of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996).  The Court must decide "whether the complaint contains enough facts to state a claim to relief that is plausible on its face."  *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 563 (2007)).  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility" that the alleged claim might have occurred.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw

4

the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 556). "The complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk*, *L.L.C.* 493 F.3d at 1177.

In evaluating the plausibility of a given claim, the Court "need not accept conclusory allegations" without supporting factual averments. *S. Disposal, Inc. v. Tex. Waste Mgmt.*, 161 F.3d 1259, 1262 (10th Cir. 1998). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Theadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. This means that the plaintiff must allege enough factual matter that, when taken as true, makes his or her claim for relief plausible on its face. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 550 U.S. at 570). "Plausible" is not synonymous with "probable"; the plausibility standard asks for "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, U.S. 550 at 557).

When a court is presented with a motion to dismiss, it "may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S.Ct. at 1950. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Id.* Only when there are "well-pleaded factual allegations" should a court "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also documents incorporated into the complaint by reference.

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007); *TMJ Implants, Inc. v. Aetna, Inc.,* 498 F.3d 1175, 1180 (10th Cir. 2007).  "[T]he district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."  *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (internal quotation omitted).

**B.     ANALYSIS**

    1.    Claim 1:  Fourth Amendment Violation – Unreasonable Search and
          Seizure

    In support of his first claim for relief, Plaintiff alleges that Defendant Deputies Agos and Gross violated the Fourth Amendment when they arrested him because they lacked probable cause.

    Claims arising under 42 U.S.C. § 1983 "require a plaintiff to sufficiently allege that: (1) she has been deprived of a federal right and (2) that the person who deprived her of that right acted under the color of state law."  *Asten v. City of Boulder*, 652 F. Supp. 2d 1188, 1196 (D. Colo. 2009) (citing *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)).  The Fourth Amendment, a violation of which can be raised under 42 U.S.C. § 1983, protects individuals "against unreasonable searches and seizures."  U.S. CONST. Amend. IV; *see also Terry v. Ohio*, 392 U.S. 1, 8 (1968) (citing *Elkins v. United States*, 364 U.S. 206, 222 (1960)).  The reasonableness of a seizure "depends on the balance between the "nature and quality of the intrusion on the individual's Fourth Amendment interests" and the "importance of the governmental interests alleged to justify the intrusion."  *United States v. Place*, 462 U.S. 696, 703 (1983).  Warrantless

searches and seizures are presumed unreasonable unless based on probable cause. *Katz v. United States*, 389 U.S. 347, 357 (1967).

A warrantless arrest is lawful under the Fourth Amendment if there is probable cause to believe that the person arrested has committed an offense.  *Romero v. Fay*, 45 F.3d 1472,1476 (10th Cir. 1995) (citing *Tenn. v. Garner*, 471 U.S. 1, 6-8, (1985)). Probable cause is established "if facts and circumstances within the arresting officer's knowledge and of which he or she has reasonably trustworthy information are sufficient to lead a prudent person to believe that the arrestee has committed or is committing an offense."  *Id.* (citing *Jones v. City & Cnty. of Denver*, 854 F.2d 1206, 1210 (10th Cir. 1998)); *see also Tanberg v. Sholtis*, 401 F.3d 1151, 1157 (10th Cir. 2005).

Defendants assert that, even if all of Plaintiff's allegations are accepted as true, the deputies had probable cause to arrest Plaintiff; therefore, dismissal under Fed. R. Civ. P. 12(b)(6) is warranted.  (Doc. # 6 at 6.)  As discussed below, the Court agrees.

In the case at hand, Defendants Agos and Gross completed a statement in support of warrantless arrest. (*See* Doc. # 6-1.)[2]  After extensive interviews with all parties, the deputies ascertained that:

1.    Ms. Henson no longer lived with Mr. Suchan at the residence;
2.    Ms. Henson was not welcome in Mr. Suchan's residence;
3.    Mr. Suchan had changed the locks to his residence;
4.    Mr. Suchan told Plaintiff that he did not want any further contact from Plaintiff;
5.    Mr. Suchan asked Plaintiff to leave his residence; and
6.    Plaintiff refused to leave Mr. Suchan's residence. (*Id.*)

---

[2] Plaintiff  incorporates the affidavit into his Complaint by reference.

The deputies then contacted the Arapahoe County District Attorney's office to seek further guidance and the deputies were advised to arrest Plaintiff for first degree criminal trespass.

Based on these facts and circumstances, a reasonable law enforcement officer in the position of Deputies Agos and Gross would have believed that Plaintiff had committed the crime of criminal trespass.[3] *See Cortez v. McCauley*, 478 F.3d 1109, 1121 (10th Cir. 2007) (discussing probable cause requirement for warrantless arrest). Accordingly, the Court finds that Deputy Agos and Deputy Gross had probable cause to arrest Plaintiff.  Thus, Plaintiff's Fourth Amendment claim against deputies should be dismissed.

Because Plaintiff has not demonstrated that Defendants Agos and Gross committed a Fourth Amendment violation, Arapahoe County cannot be held liable for the lawful conduct of its officers.  *Martinez v. Beggs*, 563 F.3d 1082, 1091 (10th Cir. 2009) (citing *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1317-18 (10th. Cir. 2002)) (county cannot be liable when no underlying constitutional violation has been committed by its officers or employees).  Even if Defendants Agos and Gross had committed a constitutional violation, Arapahoe County's liability would be barred because a local government cannot be held responsible for the acts of its employees based on the

---

[3]   The elements of the crime of first degree criminal trespass in Colorado are: (1) that the defendant (2) at or about the date and place charged (3) knowingly and unlawfully entered or remained in a dwelling of another. *People v. Peoples*, 8 P.3d 577, 579 (Colo. Ct. App. 2000); *see also* Colo. Rev. Stat. § 18-4-502. "Unlawfully enters or remains" means that a person who actually enters or remains in or upon a premises when he or she "did not have permission, right, or authority" to do so. *People v. Norman,* 703 P.2d 1261, 1268 (Colo. 1985); *see also* Colo. Crim. Jury Instruction 17:02.

theory of respondeat superior.  *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978).[4]

      2.    <u>Claim 2:  Fourth and Fourteenth Amendment Violation – Malicious Prosecution</u>

      In support of his second claim for relief, Plaintiff alleges that Defendants engaged in malicious prosecution when they arrested Plaintiff and his aunt despite having knowledge of surrounding facts and circumstances that would preclude a legal arrest, namely that Plaintiff's aunt was a resident of the premises.  Section 1983 malicious prosecution claims are governed by both the Fourth and Fourteenth Amendments.  "The initial seizure is governed by the Fourth Amendment, but at some point after arrest, and certainly by the time of trial, constitutional analysis shifts to the Due Process Clause." *Novitsky v. City of Aurora*, 491 F.3d 1244, 1258 (10th Cir. 2007) (citing *Pierce v. Gilchrist*, 359 F.3d 1279, 1285-86 (10th Cir. 2004)).

      Analysis of a § 1983 malicious prosecution claim begins with a review to determine if the common law elements of malicious prosecution have been established. If they have been established, the analysis shifts to the "ultimate question of whether

---

    [4]  Defendants also present the interesting argument that the Court lacks jurisdiction over Arapahoe County based on Plaintiff's identification of the county as captioned above (*i.e.* "Arapahoe County, a County, by and through the Arapahoe County Board of County Commissioners").  (Doc. # 6 at 10) (citing Colo. Rev. Stat. § 30-11-105 (2010)) (stating that in all suits and proceedings, the name in which a county shall sue or be sued in shall be, "The board of county commissioners of the county of...").  In further support, Defendants cite to inapposite cases. *See, e.g., Sisneros v. Cnty. of Pueblo*, No. 09-cv-01646-PAB-MJW, 2010 WL 1782017, at *2 (D. Colo. May 3, 2010) (unpublished) (claim brought against the "County of Pueblo"); *Dixon v. Adams Cnty.*, No. 08-cv-00942-LTB-BNB, 2009 WL 440940, at *3 (D. Colo. Feb 23, 2009) (unpublished).  However, unlike the plaintiffs in those cases who identify the defendant as a county, Plaintiff here has identified the county as "Arapahoe County by and through the Board of County Commissioners."  Accordingly, the Court is not convinced that a jurisdictional defect has been presented.  Nonethless, allowing Plaintiff an opportunity to amend would be futile because Plaintiff's claim fails under Fed. R. Civ. P. 12(b)(6).

the plaintiff has proven the deprivation of a constitutional right." *Id.* at 1257-58 (citing *Taylor v. Meacham*, 82 F.3d 1556, 1561 (10th Cir. 1996)).  The common law elements of a malicious prosecution claim are as follows: "(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) there was no probable cause to support the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages." *Id.* (citing *Pierce,* 359 F.3d at 1291-97).  Sufficient evidence must be introduced as to each element of the claim.  *Id.*

Recognizing that the existence of probable cause precludes a § 1983 claim for malicious prosecution, Defendants argue that Plaintiff's malicious prosecution claim fails because the facts alleged in Plaintiff's Complaint demonstrate that there was probable cause to arrest Plaintiff for criminal trespass.  (Doc. # 6 at 7.)  *Novitsky* 491 F.3d at 1258; *see also Guinn v. Unknown Lakewood Police Officers*, Civil No. 10-cv-00827-WYD-CBS, 2010 WL 4740326, at * 6 (D. Colo. Sept. 30, 2010) (unpublished) (existence of probable cause constitutes complete defense to claim for malicious prosecution), *adopted* by 2010 WL 4740316 (D. Colo. Nov. 16, 2010) (unpublished).

In response, Plaintiff asserts that no probable cause existed to support the original arrest, his confinement, or prosecution.  (Doc. # 2 at 11.)  Plaintiff also maintains that the customs, policies, and/or actual practices of Defendants prompted the malicious prosecution, which directly and proximately caused Plaintiff's injuries.  (*Id.* at 9.)

As discussed in the previous section, the Court has already found that Defendants had probable cause to arrest Plaintiff for the crimes of criminal trespass.

The presence of such probable cause "constitutes justification" for the arrest, thus precluding Plaintiff's malicious prosecution claim against Defendants Agos and Gross. *Guinn*, 2010 WL 4740326, at *6.  Similarly, Plaintiff's malicious prosecution claim against Arapahoe County fails because Plaintiff has not established a constitutional deprivation.  *See Monell*, 436 U.S. at 691.  Accordingly, Plaintiff's claim of malicious prosecution against Deputy Agos, Deputy Gross, and Arapahoe County is dismissed.[5]

### III.  CONCLUSION

Accordingly, based on the foregoing, IT IS ORDERED THAT:

1.      Defendants' Motion To Dismiss (Doc. # 6) is GRANTED; and

2.      This case is DISMISSED WITH PREJUDICE.

DATED:  June   22  , 2011

                              BY THE COURT:

                              _____
                              CHRISTINE M. ARGUELLO
                              United States District Judge

_____

        [5]   Because the Court has determined that Defendants had probable cause to arrest Plaintiff, the Court need not address the issue of qualified immunity.

                                        11